IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01753-BNB

ROMAN SANTISTEVAN,

    Applicant,

v.

BUREAU OF PRISONS,
RENE GARCIA, Warden, and
U.S. MARSHALS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Roman Santistevan, alleges that he is currently incarcerated at the Douglas County Detention Center in Castle Rock, Colorado, on a "courtesy hold" for the United States Marshals. Mr. Santistevan initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction and sentence on July 23, 2010. Mr. Santistevan filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on August 6, 2010. He has paid the $5.00 filing fee.

On September 8, 2010, Magistrate Judge Boyd N. Boland entered an Order to Show Cause directing Mr. Santistevan to respond and show cause why the Amended Application should not be denied because the claims he raises address the validity of his sentence and not the execution of his sentence. On September 23, 2010, Mr. Santistevan filed a "Petition for Writ of Habeas Corpus Based on the Original Writ as

Issued by the Constitution and/or 28 USC 2241 and/or 28 USC 2255 and/or Federal Rule of Civil Procedure 60(b)" and a "Memorandum of Law and Fact Regarding Claim of Voidness of Detainees' Convictions." On September 30, 2010, Mr. Santistevan filed a second "Memorandum of Law and Fact Regarding Claim of Voidness of Detainees' Convictions" and an "Informal Brief and Memorandum of Law Related to Lack of Jurisdiction of the Court."

The Court must construe the Amended Application liberally because Mr. Santistevan is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Amended Application and dismiss the action.

It appears from the Amended Application that Mr. Santistevan is attacking his federal conviction. Although the Amended Application is not clear, Mr. Santistevan asserts the following claims: (1) No "valid probable cause affidavit was issued," in violation of his Fourth Amendment right; (2) the trial court lacked jurisdiction to prosecute him; (3) the trial court violated 28 U.S.C. §§ 454 and 455; (4) the trial judge was not an Article III judge and had no authority to sentence Mr. Santistevan; (5) the trial court is "making money from [his] incarceration, rendering it in violation of the Constitution and human rights"; (6) the government concealed evidence during his criminal proceedings; and (7) the government violated the Classified Information Procedures Act. Amended Application at 3-6. In the numerous briefs and memoranda that Mr. Santistevan has filed in response to the Order to Show Cause, he likewise

asserts that there were "jurisdictional defects" in his criminal case, that the judges involved in his criminal case have violated 28 U.S.C. §§ 454 and 455, that his conviction is void, and that he should be released.

On October 8, 2008, Mr. Santistevan pleaded guilty to Interference with Commerce by Threats and Violence and Aiding and Abetting in the United States District Court for the District of Colorado in Criminal Action No. 07-cr-00435-REB-02. After numerous continuances and other delays, on August 11, 2010, the trial court sentenced Mr. Santistevan to a total of 171 months in the custody of the United States Bureau of Prisons, followed by 5 years of supervised release. Mr. Santistevan filed a Motion to Vacate Under 28 U.S.C. § 2255 on August 30, 2010, but then filed a Motion to Withdraw the Motion to Vacate on September 1, 2010. The trial court granted the Motion to Withdraw the Motion to Vacate Under 28 U.S.C. § 2255 on September 2, 2010.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw*, 86 F.3d at 166. "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id*. (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per

curiam).

A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 Fed. Appx. 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001)).

It is clear from the Amended Application and the responses to the Order to Show Cause that Mr. Santistevan is attempting to overturn his conviction and obtain his immediate release from incarceration. Further, Mr. Santistevan is not challenging the

4

execution of his sentence by the BOP. Mr. Santistevan, however, fails to assert that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. Therefore, based on the above findings, the Court concludes that the Amended Application lacks merit and must be denied. Accordingly, it is

ORDERED that the Amended Application is denied and the action is dismissed.

DATED at Denver, Colorado, this __20th__ day of __October__, 2010.

BY THE COURT:

_s/Philip A. Brimmer_
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01753-BNB

Roman Santistevan
Prisoner No. 35360-013
Douglas County Det. Center
4000 Justice Way
Castle Rock, CO 80109

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/21/10

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk